**Oma D. CLAUNCH, Petitioner,**

v.

**Ray H. PAGE, Warden of the Oklahoma State Penitentiary, Respondent.**

**No. A–14736.**

Court of Criminal Appeals of Oklahoma.

July 31, 1968.

Ashton & Henderson, Austin, Tex., for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BUSSEY, Judge:

This is an original proceeding in which the petitioner seeks his release from confinement from the State Penitentiary at McAlester, where he is currently imprisoned by virtue of a judgment and sentence rendered against him in the District Court of Atoka County on the 30th day of October, 1945. Attached to said petition are several exhibits which reflect the minutes and various orders entered by the County Judge.

Petitioner alleges that the trial court was without jurisdiction to impose the judgment and sentence rendered against him because of certain alleged irregularities occurring in the certification and preliminary proceedings conducted by the County Judge, sitting as magistrate. To this petition the State of Oklahoma has filed a Demurrer for the various reasons contained therein.

After carefully examining the pleadings, exhibits, and taking judicial notice of the testimony considered by this Court in Doser v. State, 88 Okl.Cr. 299, 203 P.2d 451, we are of the opinion that the State's Demurrer should be sustained for the reason that the petitioner has wholly failed to support his allegations that the trial court lacked jurisdiction to enter the judgment and sentence pronounced against said petitioner on his plea of guilty, where he was represented by competent counsel and had been thoroughly advised of his constitutional rights.

We have repeatedly held that in a habeas corpus proceeding the burden of proof, proving alleged errors which would divest the trial court of jurisdiction to pronounce a judgment and sentence imposed, is upon the petitioner, and this Court will not presume error from a silent record.

The Demurrer of the Attorney General is sustained and the writ prayed for is accordingly denied. Writ denied.

BRETT, J., concurs.